**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| WAVEYBABY HOLDINGS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>MSCHF PRODUCT STUDIO, INC., and GABRIEL WHALEY<br><br>Defendants. | Case No.: _____<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff WaveyBaby Holdings, LLC (collectively, "WaveyBaby" or "Plaintiff") brings this complaint against Defendant MSCHF Product Studio Inc. ("MSCHF") and Defendant Gabriel Whaley ("Mr. Whaley") (collectively "Defendants MSCHF" or "Defendants") allege as follows:

**SUMMARY OF ACTION**

1. Defendants MSCHF, famous for their signature big red boots[1], have been caught red-handed – yet again [2] – for infringing on a previously registered mark without any regard for the years poured into cultivating a trademark's goodwill and prominence.

2. This time around, Defendants MSCHF infringed on WaveyBaby, a successful African American-owned business that originates and regularly sells lifestyle streetwear clothing

---

[1] https://www.vogue.com/article/everyone-is-wearing-mschf-big-red-boots
[2] https://www.nytimes.com/2021/03/28/style/nike-satan-shoes-lil-Nas-x.html

1

to consumers nationally under the WaveyBaby trademark through its internet retail store located at https://www.waveybaby.co. Sole owner and operator Trevon Offley ("Mr. Offley") founded WaveyBaby in January 2020 and built the company to national notoriety through sheer grit and determination. In doing so, Mr. Offley obtained a United States Patent and Trademark Office ("USPTO") registration for the mark "WaveyBaby."

3. WaveyBaby, through its collaboration with various internationally acclaimed hip-hop and pop music recording artists, has established substantial goodwill and consumer recognition in the WaveyBaby name throughout the country and beyond. Seeing the WaveyBaby name and its distinctive trademark allowed consumers to know that the apparel and shoes come from WaveyBaby solely and instantly conveys WaveyBaby's reputation for authenticity, quality, and creative expression.

4. Defendants MSCHF were aware of WaveyBaby's trademark rights owed to WaveyBaby. Immediately upon learning of Defendants' involvement in this matter, WaveyBaby sent a cease-and-desist letter to Defendants via its counsel on or about April 12, 2022.

5. Notwithstanding receipt of the cease-and-desist letter, which outlined WaveyBaby's trademark ownership and the high potential for confusion. On information and belief, Defendants collaborated to design, develop, advertise, offer to sell, and sell the "Wavy Baby" shoe.

6. The Wavy Baby shoe blatantly and unmistakably incorporates a confusingly similar and almost identical variation of Plaintiff's mark on similar products.

7. Defendants promoted this shoe through the MSCHF website (https://mschfsneakers.com/wavy-baby), the MSCHF Sneaker app, on popular social media platforms, in various music videos, and elsewhere.

8. Upon discovering the misappropriation in connection with the Defendants' Wavy

Baby shoe, WaveyBaby sent the Defendants a cease and desist, placing them on notice of the infringing nature of the Wavy Baby shoe on April 12, 2022. Despite the cease-and-desist letter, which they acknowledged receipt of, Defendants defiantly pressed forward and continued to aggressively market and sell the Wavy Baby shoe.

9.  Defendants' use of WaveyBaby's trademark, despite being put on notice of the infringing nature of the use, confirmed that Defendants willfully infringed WaveyBaby's rights. WaveyBaby is left with no choice but to file this recover damages for Defendants' unlawful activities.

## THE PARTIES

10. Plaintiff WaveyBaby is a limited liability company organized under the laws of the State of Massachusetts, having its principal place of business at 111 Sycamore St, Brockton, Massachusetts, 02301.

11. On information and belief, Defendant MSCHF Product Studio Inc. is a Delaware corporation with a principal place of business in Brooklyn, New York, and can be served through its registered agent, Legalinc. Corporate Services Inc., 651 North Broad Street, Suite 201, Middletown, Delaware 19709.

12. On information and belief, Defendant Gabriel Whaley is an individual and the owner of MSCHF Product Studio Inc. who resides within New York State.

## JURISDICTION AND VENUE

13. This is a civil action seeking injunctive relief, and corrective advertising under federal and New York law based upon the Defendants' willful acts of trademark infringement, false designation of origin, and unfair competition.

14. This Court has original jurisdiction over this action pursuant to 15 U.S.C. § 1121(a), 28 U.S.C. § 1331, and 28 U.S.C. § 1338(b). This Court has jurisdiction over the pendant state law

claims pursuant to 28 U.S.C. § 1367(a) because the state law claims are based upon the same or substantially the same conduct by the Defendants.

15. This Court has personal jurisdiction over Defendants because they engaged in substantial and regular business in the State of New York and in the Eastern District of New York, including by manufacturing, marketing, and offering for sale its goods in this District, and selling goods and services through its website, mobile application, and Brooklyn, New York studio, and has committed acts of infringement at issue in this Complaint in this District.

16. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because the Defendants reside in this District and because a substantial part of the events giving rise to the claims asserted in this Complaint occurred in this District and because a substantial part of the property that is the subject of this Complaint is situated in this District.

## FACTUAL BACKGROUND

17. WaveyBaby is a shoe and apparel company that has gained recognition as a streetwear brands that embodies urban east coast culture.

18. In January 2020, Trevon Offley, founded WaveyBaby. Waveybaby was created to inspire new waves of self-confidence and personal growth.

19. WaveyBaby, over the course of the last two (2) years, grew and increase its popularity. WaveyBaby shoes and apparel have been worn and popularized by a wide variety musicians, professional athletes, other celebrities, such as:



*World-renowned hip-hop music producer and recording artist Dave East (over 366 Million music views)*



*World-renowned hip-hop music recording artist and television star Scrappy (over 28 Million music views)*



*World-renowned hip-hop music recording artist and television star Cam'Ron (over 221 Million music views)*



*World-renowned hip-hop music recording artist and television star Rubi Rose (over 140 Million music views)*

6



*World-renowned hip-hop music recording artist and social media star Boosie (over 1 Billion music views)*



*National Football League ("NFL") All-Pro Award-Winning Defensive Player J.C. Jackson*

20. In addition to common law rights, WaveyBaby has registered the name "WaveyBaby" in standard characters on the Principal Register of the U.S. Patent and Trademark Office in connection with International Class 025 for apparel-based items. WaveyBaby owns all right, title, and interest in the following U.S. Trademark Registration:

21. The Certificate of Registration for WaveyBaby above marks are attached as **Exhibit 1** (Reg. No. 6,278,813). The registration is valid and is listed on the Principal Register of the United States Patent and Trademark Office and has been since the respective registration date.

### DEFENDANTS MSCHF AND THEIR UNLAWFUL USE OF WAVEYBABY'S INTELLECTUAL PROPERTY

22. On information and belief, Defendants MSCHF designed and marketed the infringing Wavy Baby shoe.

23. Defendants MSCHF aggressively marketed the Wavy Baby shoe that plainly incorporates Plaintiff's trademark.

24. On information and belief, had Defendants MSCHF done some simple due diligence prior to the launch of the infringing shoe, and conducted a search of the USPTO database, they would have known WaveyBaby's mark not only existed but was already registered prior to the marketing, advertising and ultimately the launch of their infringing shoe.

25. Defendants MSCHF's extensive marketing of the infringing Wavy Baby shoe has resulted in significant media coverage. Articles about the Wavy Baby shoe have been published by various news and media outlets.

26. Defendants MSCHF's activities regarding the infringing shoe have resulted in highly publicized litigation between Defendants and Van's Inc. Such negative publicity on the shoe has resulted in consumers confusing Defendants' infringing brand for that of Plaintiff's further believing Plaintiff is involved in ongoing litigation with Van's Inc., when in fact they are

not.

### *Defendants' Intentional Copying of WaveyBaby's Trademark*

27. Defendants MSCHF's infringing Wavy Baby shoe also deliberately incorporates the entirety of WaveyBaby's registered trademark in the name of their infringing shoe.

28. A diligent search of the USPTO database would have revealed the existence of WaveyBaby's registration, which long predates the launch of the infringing goods.

29. Defendants MSCHF deceptively includes the ® symbol in connection with the "wavy" mark, suggesting that the mark is federally registered. Yet, on information and belief, MSCHF has not even applied for registration of the "wavy" mark, let alone actually obtained federal registration.

30. On information and belief, Defendants MSCHF also uses Google AdWords and other advertising methods in connection with the infringing Wavy Baby shoe to deceive consumers.

### *Defendants' Failure to Cease and Desist*

31. On or about April 12, 2022, Plaintiff sent a cease-and-desist letter to Defendants MSCHF via counsel at The McArthur Law Firm, who then forwarded the correspondence to MSCHF's general counsel, explaining in detail the infringing nature of the Wavy Baby shoe requesting Defendants MSCHF, simply rename the Wavy Baby shoe.

32. Despite exchanging several letters and attempting to negotiate an amicable resolution of this matter, Plaintiff and Defendants MSCHF have been unable to agree on an appropriate resolution.

33. As a result, and in order to protect its valuable and hard-earned intellectual property rights, Plaintiff has been left with no choice but to file this lawsuit to stop Defendants MSCHF's infringement.

**INJURIES TO PLAINTIFF**

34. Without permission, authorization, or consent from Plaintiff, Defendants MSCHF have infringed Plaintiff's trademark rights by, making, using, promoting, advertising, selling, and/or offering to sell the Wavy Baby shoe whose name is confusingly similar to that of Plaintiff's registered trademark for related goods.

35. The infringing Wavy Baby shoe produced, distributed, marketed, promoted, offered for sale, and sold by Defendants MSCHF is not made by Plaintiff. Nor are Defendants MSCHF's products associated, affiliated, or connected with Plaintiff, or licensed, authorized, sponsored, endorsed, or approved by Plaintiff in any way.

36. The likelihood of confusion, mistake, and deception engendered by Defendants MSCHF's infringement has caused irreparable harm to Plaintiff. In addition, due to Defendants MSCHF's ongoing suit with Van's Inc., the continued use of the name has tarnished the reputation of Plaintiff in that there is confusion as to whether Plaintiff is involved in such litigation.

37. Defendants MSCHF's activities are likely to and in fact already have caused harm due to their use of a confusingly similar name to Plaintiff's trademark. By causing a likelihood of confusion, mistake, and deception, Defendants have and are inflicting irreparable harm on Plaintiff.

38. On information and belief, Defendants began to sell the infringing Wavy Baby shoe beginning on April 18, 2022.

39. On information and belief, Defendants MSCHF have plans for additional releases of the Wavy Baby shoe, including in different colorways.

40. On information and belief, Defendants knowingly, willfully, intentionally, and maliciously adopted and used a confusingly similar name to Plaintiff's trademark.

41. Defendants knew or should have known Plaintiff's prior rights in its asserted trademark before using a virtually identical mark, and thus Defendants have acted willfully with

respect to Plaintiff's trademark rights.

42. Plaintiff has no adequate remedy at law.

## FIRST CAUSE OF ACTION:
### Federal Trademark Infringement (15 U.S.C. § 1114)

43. Plaintiff repeats and incorporates by reference the allegations in the preceding paragraphs.

44. Defendants have knowingly used and continues to use in commerce, without Plaintiff's permission or authorization, Plaintiff's asserted trademark, and/or confusingly similar marks, in connection with products that Defendants designs, manufactures, imports, distributes, promotes, advertises, offers for sale, and/or sells in the United States, namely the infringing use of the name Wavy Baby in conjunction with shoes.

45. Defendants' use of Plaintiff's trademark rights has caused and is likely to continue to cause confusion, deception, and mistake by creating the false and misleading impression that Defendants' goods are produced or distributed by Plaintiff, or are associated or connected with Plaintiff, or have the sponsorship, endorsement, or approval of Plaintiff.

46. Defendants' infringing Wavy Baby shoes are confusingly similar to Plaintiff's federally registered marks in violation of 15 U.S.C. § 1114. Defendants' activities are causing and, unless enjoined by this Court, will continue to cause a likelihood of confusion and deception of members of the trade and public, and, additionally, injury to Plaintiff's goodwill and reputation as embodied in the Plaintiff's marks, for which Plaintiff has no adequate remedy at law. In addition, due to the Defendants' ongoing suit with Van's Inc., the continued use of the name has tarnished the reputation of Plaintiff in that there is confusion as to whether Plaintiff is involved in such litigation.

47. Defendants' actions demonstrate intentional, willful, and malicious conduct to

Plaintiff's great and irreparable harm.

48. Defendants caused and are likely to continue causing substantial injury to the public and to Plaintiff, and Plaintiff is entitled to injunctive relief and to recover Defendants' profits, actual damages, enhanced profits and damages, costs, and reasonable attorneys' fees under 15 U.S.C. §§ 1114, 1116, and 1117.

## SECOND CAUSE OF ACTION
**Federal Unfair Competition and False Designation of Origin (15 U.S.C. § 1125(a))**

49. Plaintiff repeats and incorporates by reference the allegations in the preceding paragraphs.

50. Defendants have knowingly used and continue to use in commerce, without Plaintiff's permission or authorization, Plaintiff's asserted trademark rights, and/or confusingly similar marks, in connection with products that Defendants design, manufacture, import, distribute, promote, advertise, offer for sale, and/or sells in the United States, namely the infringing name of the Wavy Baby shoe.

51. Defendants' use of Plaintiff's trademark rights has caused and is likely to continue to cause confusion, deception, and mistake by creating the false and misleading impression that Defendants' goods are produced or distributed by Plaintiff, or are affiliated, connected, or associated with Plaintiff, or have the sponsorship, endorsement, or approval of Plaintiff. In addition, due to Defendants' ongoing suit with Van's Inc., the continued use of the name has tarnished the reputation of Plaintiff in that there is confusion as to whether Plaintiff is involved in such litigation.

52. Defendants' activities have caused and, unless enjoined by this Court, will continue to cause a likelihood of confusion and deception of members of the trade and public, for which Plaintiff has no adequate remedy at law.

53. Defendants' actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with Plaintiff's marks to the great and irreparable injury to Plaintiff.

54. Defendants' conduct has caused, and is likely to continue causing, substantial injury to the public and to Plaintiff. Plaintiff is entitled to injunctive relief and to recover Defendants' profits, actual damages, enhanced profits and damages, costs, and reasonable attorneys' fees under 15 U.S.C. §§ 1125(a), 1116, and 1117.

### THIRD CAUSE OF ACTION
### New York Unfair Trade Practices (NY Gen. Bus. Law § 349)

55. Plaintiff repeats and incorporates by reference the allegations in the preceding paragraphs.

56. Defendants' use of the Plaintiff's trademark in the United States in connection with the Wavy Baby shoes is materially deceptive.

57. Defendants' use of Plaintiff's trademark is in connection with the advertising, offer for sale, and sale of products and is directed at customers located in the United States generally, and in the State of New York specifically, where Defendants are based.

58. These commercial advertisements and statements have and will continue to cause the loss of goodwill and the loss of current and prospective customers of Plaintiff.

59. Plaintiff has been and will continue to be irreparably harmed unless Defendants' use of its trademark in the United States in connection with the infringing Wavy Baby shoes is enjoined.

### FOURTH CAUSE OF ACTION
### Common Law Trademark Infringement and Unfair Competition

60. Plaintiff repeats and incorporates by reference the allegations in the preceding paragraphs.

61. Plaintiff is the owner of all rights and title to, and has valid and protectable prior rights in, the asserted trademark rights.

62. Plaintiff engages in the sale and distribution of footwear and apparel online, employing the asserted trademarks rights throughout the United States as well as within the State of New York and has done so since long before Defendants began its infringing use of Plaintiff's marks as alleged herein.

63. Defendants have reproduced, copied, and imitated Plaintiff's trademark rights in connection with advertising, promoting, offering to sell, and/or selling footwear bearing infringing mark, in competition with Plaintiff and without Plaintiff's consent.

64. Defendants' use of a confusingly similar name to Plaintiff's trademark has caused and is likely to continue to cause confusion, deception, and mistake by creating the false and misleading impression that Defendants' goods are produced or distributed by Plaintiff, or are affiliated, connected, or associated with Plaintiff, or have the sponsorship, endorsement, or approval of Plaintiff.

65. Upon information and belief, Defendants' acts of common law trademark infringement and unfair competition have been willful and deliberate.

66. Defendants' willful and deliberate acts described herein have caused injury and damage to Plaintiff, and have caused irreparable injury to Plaintiff, unless enjoined, will cause further irreparable injury, whereby Plaintiff has no adequate remedy at law. Plaintiff, therefore, is entitled to injunctive relief.

67. Plaintiff is also entitled to its actual damages, Defendants' profits, and an award of costs and attorneys' fees.

**FIFTH CAUSE OF ACTION**

**Civil Conspiracy Under New York Common Law**

68. Plaintiff repeats and incorporates by reference the allegations in the preceding paragraphs.

69. The actions described above of the Defendants constitute an agreement between all of the Defendants.

70. The Defendants have committed an overt act in furtherance of the agreement.

71. The Defendants intentionally participated in the furtherance of a plan or purpose to commit and have committed one or more tortious acts alleged herein.

72. Defendants' actions have resulted, and will continue to result, in damage to Plaintiff.

## **PRAYER FOR RELIEF**

Plaintiff respectfully requests that the Court enter judgment in its favor and against the Defendants as follows:

A. Defendants and all of its agents, officers, employees, representatives, successors, assigns, attorneys, and all other persons acting for, with, by, through or under authority from Defendants, or in concert or participation with Defendants, and each of them, be enjoined from:

    a. advertising, marketing, promoting, offering for sale, distributing, or selling the infringing Wavy Baby shoes;

    b. using Plaintiff's registered mark or any mark confusingly similar thereto on or in connection with any of Defendants' goods or services;

    c. using any name on or in connection with Defendants' goods or services that is a copy, reproduction, or simulation of, or confusingly similar to Plaintiff's trademark;

15

        d.    using any name, of any kind on or in connection with Defendants' goods or services that is likely to cause confusion, mistake, deception, or public misunderstanding that such goods or services are produced or provided by Plaintiff, or are sponsored or authorized by Plaintiff, or are in any way connected or related to Plaintiff; and

        e.    or otherwise continuing any and all acts of unfair competition as alleged in this Complaint.

B.    Defendants be ordered to cease offering for sale, marketing, promoting, and selling any other goods bearing Defendants' confusingly similar imitation marks;

C.    Plaintiff be awarded all damages caused by the acts forming the basis of this Complaint;

D.    Based on Defendants' knowing and intentional use of a confusingly similar imitation of Plaintiff's trademark rights, the damages awarded be trebled and the award of Defendants' profits be enhanced as provided for by 15 U.S.C. § 1117(a);

E.    Defendants be required to pay to Plaintiff the costs, expenses, and reasonable attorneys' fees incurred by Plaintiff in this action pursuant to 15 U.S.C. § 1117(a);

F.    Based on Defendants' willful and deliberate infringement of Plaintiff's trademark, and to deter such conduct in the future, Plaintiff be awarded punitive damages;

G.    Plaintiff be awarded restitution for Defendants' unjust enrichment;

H.    Plaintiff be awarded prejudgment and post-judgment interest on all monetary awards; and

I.    Plaintiff be granted such other and further relief as the Court may deem just.

Dated: Brooklyn, New York  **EZRA LAW, P.C.**
March 31, 2023

*/s/ Ezra Salami*
   Ezra Salami

EZRA LAW, P.C.
295 Front Street
Dumbo, Brooklyn, 11201
T: (347) 696-7555
F: (347) 696-7555
E: ezra@ezralaw.co
   *Counsel for*
   *Plaintiff WaveyBaby*

17